UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOYCE ALBARRAN AND ) <br> CRYSTAL MILKOWSKI ) <br> ) <br>     **Plaintiffs** ) <br> ) <br>     vs. ) <br> ) <br> TATE & KIRLIN ASSOCIATES, ) <br> INC. ) <br> ) <br>     **Defendant** ) <br> ) | **Case No.** <br><br> **CIVIL COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiffs, Joyce Albarran & Crystal Milkowski, by and through their undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

### I.  INTRODUCTORY STATEMENT

1. Plaintiffs, Joyce Albarran & Crystal Milkowski, are adult natural persons and they bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II.  JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant conducts business and maintains a primary location in this District.

## III.  PARTIES

4. Plaintiff, Joyce Albarran, (hereafter, Plaintiff, Joyce) is an adult natural person residing in Saylorsburg, PA.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Plaintiff, Crystal Milkowski, (hereafter, Plaintiff, Crystal) is an adult natural person residing in Denville, VA.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

6. Defendant, Tate & Kirlin Associates, Inc. (hereafter, Defendant) at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealths of Pennsylvania and Virginia with a primary location at 2810 Southampton Road, Philadelphia, PA 19154.

7. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

8. Several years ago, Plaintiff, Crystal, purchased a vehicle and her mother-in-law, Plaintiff, Joyce, co-signed on this purchase for her.

9. Due to re-occurring mechanical issues and the cost of repairs, the vehicle referenced above was eventually repossessed.

10. After the resale of the vehicle, Plaintiff, Crystal, was said to owe a remaining balance of $5,800.00.

11. It was at this time, that both Plaintiffs began to receive collection calls from the Defendant.

12. The collection calls were placed directly to Plaintiff, Joyce, despite her not being aware of the status of the alleged debt.

13. On most calls, Plaintiff, Joyce, was not informed that the debt was in regards to Plaintiff, Crystal's vehicle.

14. As a result of the Defendant failing to inform her exactly why they were calling, Plaintiff, Joyce, admittedly became confused that the debt being collected was that of Crystal's or one for her late husband.

15. Defendant continually demanded payment from Plaintiff, Joyce, despite her informing them countless times that her only form of income was Social Security and she could not afford to make payments on this debt.

16. In November, 2012, Defendant continually called Plaintiff, Joyce, and insisted that she had to set up payments immediately on this account.

17. Despite Plaintiff, Joyce, informing the Defendant that she was on a fixed income, the Defendant continued their collection efforts.

18. Confused and unsure of what measures the Defendant would take if she did not make payments, on or about November 21, 2012, Plaintiff, Joyce, agreed to the automatic withdrawal of $50.00 a month to start immediately.

19. In December, 2012, Plaintiff, Crystal, spoke to agent, "Jeffrey Farrell", and attempted to have the Defendant return the funds withdrawn from Plaintiff, Joyce, explaining that she was not responsible and should not have set up the payments.

20. "Jeffrey Farrell", insisted that Plaintiff, Joyce, willingly set up the payments and that he could not stop anything unless the Defendant heard directly from Plaintiff, Joyce.

21. In January, 2013, Plaintiff, Joyce, did make arrangements with her bank and stopped the payments coming out by the Defendant but not before the Defendant took another $50.00 on January 11, 2013 after being told that Joyce could not afford these payments.

22. Soon after, Plaintiff, Joyce, started to receive several calls each day from the Defendant to find out why they could no longer access the bank account.

23. Plaintiff, Joyce, has been repeatedly intimidated and threatened that she needs to set up a new payment arrangement immediately.

24. Despite Plaintiff, Crystal, also being on this account, the Defendant has not called her directly for several months to try and collect.

25. Plaintiff, Joyce, has informed the Defendant that she cannot afford to make payments and that she wants the Defendant to stop calling her home.

26. As of the filing of this complaint, the Defendant is still calling Plaintiff, Joyce, several times each week.

27. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendant's unlawful conduct.

28. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, emotional distress, fear, frustration and embarrassment.

29. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

30. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

31. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

32. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

33. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs reputation, invasion of privacy, damage to Plaintiff, Stephanie's, credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT I – FDCPA

34. The above paragraphs are hereby incorporated herein by reference.

35. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

36. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**W**H**EREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

  c.  Reasonable attorney's fees and litigation expenses, plus costs of suit; and

  d.  Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

37. Plaintiffs repeat, re-allege and incorporate by reference the foregoing paragraphs.

38. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

39. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

40. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

41. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

42. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

43. As a direct and proximate result of the said actions, Plaintiffs have suffered financial harm.

44. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

45. The foregoing paragraphs are incorporated herein by reference.

46. Plaintiffs and Defendant are "Persons" to 73 Pa. C.S § 201-2.

47. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

48. The actions of the Defendant, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, inter alia:

      a.      Defendant misrepresented to Plaintiffs the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

      b.      Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

      c.      Defendant failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL.

49.      As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

50.      By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

      a.      An Order declaring that Defendant violated the UTPCPL;

      b.      Actual damages;

      c.      Treble damages;

      d.      An award of reasonable attorney's fees and expenses and cost of suit; and

      e.      Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. **JURY DEMAND**

Plaintiffs hereby demand a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date:  February 18, 2013**

**BY:  */s/  Brent F. Vullings bfv8435***
Brent F. Vullings, Esquire
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiff
bvullings@vullingslaw.com